OLIVER (Case No. 10,495) [18 Fed. Cas. page 656]

general commission or attachment to answer interrogatories; but the court may permit an answer. By the 18th rule, the defendant may, before the bill taken for confessed, demur, or plead to the whole bill or to part of it, and answer to the residue; and, by the 20th rule, if the plea or demurrer be overruled, the defendant has two months to answer; and, if his answer be insufficient, the plaintiff, by the 13th rule, may, in two months, except; and, by the 14th rule, the defendant has two months to file a better answer, or to insist on the sufficiency of that which is already filed. If he insists, the plaintiff may set down the exceptions for argument at the next term. If the answer be adjudged insufficient, the defendant must put in a better, &c. Thus, it seems, that, at any time before the bill is taken for confessed, the defendant may plead, demur, or answer, as he may think fit, and the plaintiff is to pursue the same course as if the plea, demurrer, or answer had been filed before the expiration of the three months limited for answer. So that it does not yet appear that the defendant is in default. But, if she were, the plaintiff could only get a decree nisi, according to the 6th rule; and that decree could not be for a receiver or an injunction. No case has been shown in which a receiver has been appointed in favor of a legal mortgagee, against the mortgagor in possession; and the case of Berney v. Sewell, in 1 Jac. & W. 647, seems decisive that it cannot be done consistently with the rules of a court of equity in England; and it is upon the English cases, and the cases in this country, which have been decided upon English cases, that the appointment of a receiver is now claimed.

The plaintiff, in this case, has not used due legal diligence. The mortgage became absolute, or, by proper demand, might have become absolute, on the 14th of June, 1829. The bill was not filed until the 22d of March, 1833; and the plaintiff has brought no action of ejectment to obtain possession, and cannot recover, at law or in equity, the rents received by the mortgagor in possession. The court has already decided that the facts stated in the bill do not entitle the plaintiff to have a receiver or an injunction; and nothing has occurred since, to give him a right to claim either. We think, therefore, that the motion must be overruled.

This cause came on again, to be argued upon the exceptions to the answer, on the 26th of November, 1834, and was argued by Messrs. Key and Dunlop, for plaintiff, and Mr. Marbury, for defendant.

The plaintiff's counsel still insisted that the answer was so imperfect that the court must consider it a nullity, and should take the bill for confessed, and appoint a receiver.

CRANCH, Chief Judge, after reciting the thirteen exceptions taken by the plaintiff, to the defendant's answer, said: Upon a care-ful reading of the bill and answer, I think the answer is exceptionable in every particular in regard to which it is excepted to; but still I cannot consider it as a nullity. It answers some of the material allegations of the bill, and insists, by way of plea and demurrer, that the complainant is not entitled to relief or discovery, as to some of the other grounds of complaint. But it is certainly an insufficient answer.

The question then occurs, what is the order to which the complainant is now entitled, according to the rules of practice in a court of equity? By the 14th rule prescribed by the supreme court of the United States, for the circuit courts, the defendant, having insisted on the sufficiency of his answer, and the exceptions having been set for argument, and argued, the court cannot receive any further or other answer, "but on payment of costs." By the 15th rule, the costs thus to be paid are to be "such costs as shall be allowed by the court." By the 16th rule, upon a second answer being adjudged insufficient, costs shall be doubled, and the defendant may be examined upon interrogatories, &c., or the plaintiff may move the court to take so much of the bill as is not answered, for confessed, and proceed for the residue, in the ordinary mode, by replication, commission, and hearing. The order of the court is, that the plaintiff's bill shall be taken for confessed, unless the defendant, on or before the 15th day of this month of December, 1834, answer fully as to all the particulars in regard to which her former answer was excepted to by the plaintiff, and pay to the plaintiff the full legal costs by him expended in this suit, up to that day. (See 2 Madd. Ch. Prac. 343; Tomkin v. Lethbridge, 9 Ves. 178, 463; and Smith v. Serle, 14 Ves. 415, as to what answer will be deemed illusive and a nullity.

[NOTE. The plaintiff died, and to the bill of revivor filed by his executors it was held that the defendant was not entitled to the three months' time within which to plead, answer, or demur. Case No. 10,496.]

---

## Case No. 10,495.

### OLIVER v. DECATUR.

[4 Cranch, C. C. 461.] [1]

Circuit Court, District of Columbia. March Term, 1834.

USURY—INTEREST PAYABLE ANNUALLY—ADDITION TO PRINCIPAL AT END OF YEAR.

If the interest is, by the agreement, payable annually, it is not usury to add it to the principal, at the end of the year, and take a new note for the whole, bearing interest.

Assumpsit against the maker of a promissory note.

Mr. Marbury and R. S. Coxe, for defendant [Susan Decatur], prayed the court to instruct the jury, in effect, that if they should

[1] [Reported by Hon. William Cranch, Chief Judge.]

be satisfied, by the evidence, that the plaintiff [Robert Oliver] loaned to the defendant, on the 3d of November, 1820, the sum of $3,000, and on the 22d of December, 1820, the further sum of $12,000, and on the 26th of June, 1822, the further sum of $8,000, and that at the times of the loans, respectively, it was agreed between the said parties, that the interest thereon should be paid annually, according to the respective dates of the said loans; and that afterwards the plaintiff calculated the interest of the said loan of $3,000 from the 3d of November, 1820, to the 31st of December, 1821, and on the said loan of $12,000, from the 22d of December, 1820, to the 31st of December, 1821, and afterwards calculated interest upon the said interest from the 31st of December, 1821, to the 31st of December, 1822, and that the promissory note of the defendant upon which this suit is brought was given for and included the interest upon the interest so calculated, and also the interest upon the said loan of $8,000 so calculated as aforesaid, then the said note is usurious, and the plaintiff cannot recover thereupon in this action.

Mr. Marbury cited Comyn, Usury, 82, §§ 7-14; Noy, 71; 3 Bos. & P. 154; 9 Ves. 223; 6 Johns. Ch. 313.

But THE COURT (THRUSTON, Circuit Judge, contra) refused to give the instruction.

Mr. Key cited Peter v. Brackenridge [unreported] in this court, May, 1830; Bank of Washington v. Eliot [Case No. 949]; Anstr. 495; and 1 Johns. Ch. 14.

See Comyn, Usury, 87, 147; 1 Bulst. 17; 2 Salk. 449; 1 Ch. Cas. 258; Brown v. Barkham, 1 P. Wms. 652; Thornhill v. Evans, 2 Atk. 330; Morgan v. Mather, 2 Ves. Jr. 15; Waring v. Cunliffe, 1 Ves. Jr. 99.

Verdict for plaintiff, $7,558.

---

## Case No. 10,496.

### OLIVER v. DECATUR.

[4 Cranch, C. C. 592.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

BILL OF REVIVOR—APPEARANCE.

A defendant who appears to a bill of revivor is not entitled to the benefit of the sixth and tenth rules of practice established by the supreme court of the United States for the circuit courts, but the court will order the suit to stand revived unless cause be shown to the contrary in 10 days.

[This was a bill in equity by Robert Oliver against Susan Decatur.]

The complainant, Robert Oliver, died, and his executors filed a bill of revivor, and issued a subpœna which was returned served at the October rules, 1835, so that the appearance day was the first Monday in November. [See Case No. 10,494.]

---

¹ [Reported by Hon. William Cranch, Chief Judge.]

Key & Dunlop, the complainant's solicitors, moved the court now to order the suit to stand revived.

Mr. Marbury, the defendant's solicitor, now entered his appearance for the defendant and claimed time (three months) to plead, answer, or demur, according to the rules of this court as prescribed by the supreme court of the United States in cases of original bills. See Rules 6 and 10. In the English practice the same time is given to answer or plead to bills of revivor as to original bills, and the rules prescribed by the supreme court make no difference. 2 Madd. Ch. Prac. 260, 534.

THE COURT (Cranch, Chief Judge, contra) ordered the suit to stand revived, unless cause to the contrary should be shown in 10 days.

---

OLIVER (HUNT v.). See Case No. 6,894.

---

## Case No. 10,496a.

### OLIVER v. KAUFMAN.

[See Case No. 10,497.]

---

## Case No. 10,497.

### OLIVER et al. v. KAUFFMAN et al.

[Scr. Bk. 170; 1 Am. Law Reg. 142; 9 Leg. Int. 152.] [1]

Circuit Court, E. D. Pennsylvania. Oct., 1850.

SLAVERY — HARBORING FUGITIVES — "NOTICE" — WHAT MUST BE SHOWN IN ACTION FOR DAMAGES.

[1. The word "notice," as used in Act Cong. Feb. 12, 1793, § 4 (1 Stat. 305), making it an offense to harbor or conceal a person "after notice that he is a fugitive from labor," means "knowledge."]

[2. The harboring of a fugitive from labor made criminal by such act is the lending of encouragement to the fugitive in his desertion of his master, to further his escape, and to impede and frustrate his reclamation, not mere acts of kindness and charity.]

[3. In an action on the case for harboring and concealing plaintiff's fugitive slaves, plaintiff must show that the slaves were lost to him by defendant's illegal interference, or that some other loss, injury, or damage was suffered by him in consequence thereof.]

This was an action on the case by Cecilia Oliver and others, by their next friend, Eli Stake, against Daniel Kauffman, Stephen Weakley, and Philip Breckbill, for damages caused by their illegal harboring and secreting of plaintiffs' fugitive slaves.

H. M. Watts, C. B. Penrose, and W. B. Reed, for plaintiffs.

Thaddeus Stevens, for defendants.

GRIER, Circuit Justice (charging jury). The plaintiffs in this action are Cecilia Oli-

---

¹ [Published from Scrap Book in the custody of the clerk of the circuit court for the Eastern district of Pennsylvania. 1 Am. Law Reg. 142, and 9 Leg. Int. 152, contain only partial reports.]